IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KAREN Y. SHIPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 06-CV-0242-MJR |
| | ) | |
| ERIC HAMILTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTIONS IN LIMINE

**REAGAN, District Judge:**

Defendant has filed two motions in limine seeking the exclusion of certain testimony and evidence at trial (Doc. 57).

The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States,* **469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"); FED. R. EVID. 104(a)("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....").**

The motion in limine is not found in the FEDERAL RULES OF CIVIL PROCEDURE nor in the FEDERAL RULES OF EVIDENCE. ***Deghand v. Wal-Mart Stores, Inc.*, 980 F. Supp. 1176, 1179 (D.Kan.1997)**. It serves to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* **88 F.3d 136, 141 (2d Cir.**

1996). Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. ***Pivot Point Intern., Inc. v. Charlene Products, Inc., 932 F. Supp. 220, 222 (N.D. Ill. 1996)***. Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. ***See Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir.), cert. denied, 423 U.S. 987 (1975).***

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." ***Plair v. E.J. Brach & Sons, Inc., 864 F. Supp. 67, 69 (N.D. Ill. 1994)***. The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." ***Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)***. Moreover, the court may alter an limine ruling based on developments at trial or sound judicial discretion. ***Luce,* 469 U.S. at 41**.

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." ***Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1401 (N.D. Ill. 1993)***. Denial only means that the court cannot decide admissibility outside the context of trial. ***Plair,* 864 F. Supp. at 69**.

Clearly, a court may reserve judgment until trial, so that the motion in limine is placed "in an appropriate factual context." ***Nat'l Union,* 937 F. Supp. at 287.** Stated another way, motion in limine rulings are "subject to change when the case unfolds" at trial. ***Luce,* 469 U.S. at 41.** Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." ***Id.*** The Court should exclude evidence on a motion in limine "only when the evidence is clearly inadmissible on all potential grounds." ***Commerce Funding Corp. v. Comprehensive Habilitation Servs.*, 2005 WL 1026515,**

**\*3 (S.D.N.Y. 2005)**.

With these principles in mind, the Court rules as follows.

(1) Defendant's first motion asks the Court to "Bar any reference to the underlying criminal case brought against Shipman, which was disposed of via dismissal."

This motion is **DENIED** at this time, since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation. Thus, a ruling at this juncture would be premature.

(2) Defendant's second motion asks the Court to "Bar any argument or testimony concerning hearsay statements and/or rumors that Eric Hamilton is a 'bully.'"

The Court **GRANTS** this motion, as the parties agree that such testimony would constitute improper hearsay. Accordingly, any such testimony is barred.

**IT IS SO ORDERED.**

**DATED this 25th day of September 2008.**

                                          **s/ Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**